IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUE MUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-105-T |
| | ) |
| JO ANNE B. BARNHART, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Roberts recommends affirmance of a final decision of the Social Security Administration denying Plaintiff's applications for disability benefits. Plaintiff has timely filed a written objection. Thus the Court must make a de novo determination of any portion of the report to which specific objection is made, and may accept, modify or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff challenges Judge Roberts' thorough analysis of the appellate issues under 42 U.S.C. § 405(g) on the ground Judge Roberts does "not adequately consider the Plaintiff's argument that the ALJ erred by failing to draft an RFC assessment that takes into account all of claimant's limitations." (Pl.'s Objection at 1.) Plaintiff presents two specific arguments to support this claim. First, Plaintiff contends Judge Roberts errs "regarding the level of deference given to opinions at the [Manos Juntas Free Medical Clinic] providing all of claimant's medical care," which should have controlling weight as opinions of treating physicians. (Pl.'s Objection at 1-2.) Second, Plaintiff

re-urges her contention that the ALJ disregarded her subjective complaints and descriptions of her limitations without adequate credibility findings. (Pl.'s Objection at 2-3.) All other issues are waived. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections . . . must be both timely and specific to preserve an issue for de novo review by the district court").[1]

Plaintiff's first contention is simply wrong. Judge Roberts does not reject Plaintiff's position that the two doctors who treated her at the Clinic should be classified as treating physicians. Judge Roberts instead finds that neither physician gave a medical opinion that was rejected or discounted by the ALJ. (Report & Recom. at 9.) The Court's independent review of the record confirms the correctness of this finding. The records of Plaintiff's medical care at the Clinic consist of treatment notes of Plaintiff's reported symptoms and the physician's observations, diagnostic impressions, and prescriptions. Neither physician stated any opinion regarding Plaintiff's physical restrictions or functional capacity. Plaintiff further argues without explanation or record citation that the consultative examiner, Dr. S.A. Chaudry, made findings that conflict with the findings of her treating physicians at the Clinic. The Court finds this argument to be unsupported by the record.

Plaintiff's second contention is similarly unfounded. She argues the ALJ failed to address the conflict between the consultative examiner's findings and Plaintiff's subjective complaints. The Court's review of the record reveals that the ALJ stated specific reasons for rejecting Plaintiff's allegations concerning her physical limitations. Namely, her testimony was inconsistent with Dr. Chaudry's clinical observations regarding finger manipulation and grip. (R. at 19.) The Court

---

[1] For this reason, Plaintiff's attempt to adopt "all assertions as contained in his [sic] brief filed herein in support of reversing and remanding the administrative law judge's decision" is ineffectual. *See* Pl.'s Objection at 3.

concurs in Judge Roberts' conclusion that the ALJ's assessment of Plaintiff's credibility was legally sufficient. In sum, the Court finds the ALJ's decision is supported by substantial evidence and applies proper legal standards.

Therefore, the Court adopts Judge Roberts' Report and Recommendation [Dkt. 19] in its entirety. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

IT IS SO ORDERED this 29th day of November, 2006.

---
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE